Christopher Bates, Esq. (SBN 249166)
Jaion Chung, Esq. (SBN 249772)
Alexa Stephenson, Esq. (SBN 312437)
KAHANA & FELD LLP
707 Wilshire Blvd., 46th Floor
Los Angeles, CA 90017
Tel:   (213) 235 9912
Fax:   (949) 245-7597
cbates@kahanafeld.com
jchung@kahanafeld.com
astephenson@kahanafeld.com

Attorneys for Defendant
UNIVERSAL CITY STUDIOS LLC (sued and served as Doe 1)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SHAWN REED,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>UNIVERSAL STUDIOS HOLLYWOOD, NBC UNIVERSAL THEME PARKS, COMCAST NBC UNIVERSAL, and DOES 1 through 100, Inclusive,<br><br>　　　　　Defendants. | Case No.:<br>[Assigned to _____]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**<br><br>(Removed from Los Angeles County Superior Court Case No. 23BBCV02677)<br><br>(Diversity Jurisdiction; 28 U.S.C. §§ 1332, 1441, and 1446)<br><br>[Declarations of Andrew Eitingon and Christopher Bates; Certificate of Interested Parties; and Civil Cover Sheet filed concurrently herewith]<br><br>Complaint Filed:　November 13, 2023<br>Trial Date:　　　None |

1

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)

**TO THE CLERK AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Defendant, UNIVERSAL CITY STUDIOS LLC ("Universal"), hereby removes the action entitled, *Shawn Reed v. Universal Studios Hollywood, et al.,* from the Superior Court of the State of California for the County of Los Angeles (Case No. 23BBCV02677) to the United States District Court for the Central District of California, Western Division. Removal of this action is proper under 28 U.S.C. §§1332, 1441(b), and 1446 for the reasons set forth below.

## JURISDICTION

1. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court by Universal pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

2. On November 13, 2023, Plaintiff, SHAWN REED ("Plaintiff"), filed the above-entitled civil action against Defendants, UNIVERSAL STUDIOS HOLLYWOOD; NBC UNIVERSAL THEME PARKS; COMCAST NBC UNIVERSAL; and DOES 1 through 100, Inclusive, in the Superior Court of the State of California for the County of Los Angeles, Case No. 23BBCV02677 (the "State Court Action"). The United States District Court for the Central District of California, Western Division, embraces the county where this action is pending.

3. On December 6, 2023, Plaintiff dismissed Defendants, UNIVERSAL STUDIOS HOLLYWOOD; NBC UNIVERSAL THEME PARKS; and COMCAST NBC UNIVERSAL, from the lawsuit without prejudice. Copies of the dismissals are collectively attached to the Declaration of Christopher Bates filed concurrently herewith ("Bates Decl.") as **Exhibit "A."**

4. On December 7, 2023, Plaintiff named Universal to the lawsuit as Defendant DOE 1. A true and correct copy of this DOE amendment is attached to the Bates Decl. as **Exhibit "A."**

5.  On December 7, 2023, Plaintiff served Universal with a Notice and Acknowledgement of Receipt – Civil containing a copy of the Summons and Complaint, Civil Case Cover Sheet, Statement of Damages, dismissals, DOE amendment, and related case management documents. Copies of the initial pleading documents are collectively attached to the Bates Decl. as **Exhibit "A"** and the executed Notice and Acknowledgement of Receipt – Civil evidencing service of these documents is attached as **Exhibit "B."**

6.  On January 2, 2024, Universal filed an answer to the complaint. A true and correct copy of the answer is attached to the Bates Decl. as **Exhibit "C."**

7.  Plaintiff's initial pleadings packet, proof of service, and Universal's answer, constitute all process, pleadings, and orders served in the action pending in the Superior Court of the State of California, County of Los Angeles.

## REMOVAL IS TIMELY

8.  This Notice of Removal is filed timely as it is within thirty days of Universal's receipt of the Summons, Complaint, and Statement of Damages disclosing to Universal the amount in controversy alleged by Plaintiff. Universal therefore possesses the requisite knowledge and documentation to ascertain the proper grounds for diversity jurisdiction removal. 28 U.S.C. §§ 1446(b)(3).

## DIVERSITY OF CITIZENSHIP

9.  The state action is a civil action over which this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a), for the following reasons:

10. Plaintiff's Citizenship. In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual's "current residence" and "place of employment." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Martinez v. Michaels*, No. CV 15-02104 MMM, 2015 WL 4337059, at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California from 2006 until his termination"); *Christ v. Staples, Inc.*, No. CV 14-07784 MMM, 2015 WL 248075, at

*3-4 (C.D. Cal. Jan. 20, 2015) (citizenship requirement satisfied where, inter alia, plaintiff "lived and worked in California for approximately fifteen years"); *Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F.Supp.3d 1078, 1091 n.38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state.").

11. Here, Universal is informed and believes and alleges thereon that Plaintiff resides in Clark County in the State of Washington and filed the instant complaint in Los Angeles County Superior Court in the State of California, availing himself of California's judicial resources. *See* Bates Decl., ¶¶4 and 11 and **Ex. A** [Complaint], *in passim*. Accordingly, for purposes of diversity jurisdiction, Plaintiff is a citizen of the State of Washington.

12. <u>Universal's Citizenship</u>. A limited liability company ("LLC") is a citizen of every state of which its members are citizens. *See, e.g.*, *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We . . . join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). For diversity analysis, it is not relevant where an LLC is incorporated or where it has its principal place of business. *See, e.g., Alatorre v. Wastequip Mfg. Co., LLC*, 2012 WL 6628955, at *4 (E.D. Cal. December 19, 2012) ("LLC's citizenship is . . . determined not by reference to its principal place of business and state of incorporation . . . but by citizenship of its owners and members.").

13. For purposes of removal, diversity of citizenship is determined at the time the action is filed and at the time of removal. *See Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).

   a. Universal was, at the time of filing of this action, and is now, a limited liability company organized under the laws of the State of Delaware. *See* Declaration of Andrew Eitingon filed concurrently herewith ("Eitingon Decl.") ¶ 5.

The sole member of Universal is VUE NewCo LLC, a limited liability company organized under the laws of the State of Delaware. *Id.*

   b. VUE NewCo LLC consists of two members: (1) USI Entertainment LLC and (2) Universal Studios Company LLC. Both entities are limited liability companies organized under the laws of the State of Delaware. Eitingon Decl., ¶ 6.

   c. The sole member of USI Entertainment LLC is Universal Studios Company LLC. Eitingon Decl., ¶ 7.

   d. The sole member of Universal Studios Company LLC is NBCU Acquisition Sub LLC, and the sole member of NBCU Acquisition Sub LLC is NBCUniversal Media, LLC. Eitingon Decl.,¶ 8. Both NBCU Acquisition Sub LLC and NBCUniversal Media, LLC are limited liability companies organized under the laws of the State of Delaware. *Id.*

   e. The sole member of NBCUniversal Media, LLC is NBCUniversal, LLC, a limited liability company organized under the laws of the State of Delaware. Eitingon Decl., ¶ 9.

   f. The members of NBCUniversal, LLC are (i) Comcast Navy Acquisition, LLC, a limited liability company organized under the laws of the state of Delaware; (ii) Comcast Navy Contribution, LLC, a limited liability company organized under the laws of the state of Delaware; (iii) NBCUniversal Enterprise, Inc., which is incorporated in Delaware and has its principal place of business in Philadelphia, Pennsylvania; (iv) Comcast DW Holding, Inc., which is incorporated in Delaware and has its principal place of business in Philadelphia, Pennsylvania; (v) Comcast CCW Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (vi) Comcast Snap Holdings II, LLC, a limited liability company organized under the laws of the state of Delaware; and (vii) SNL Entertainment Holdings, Inc., a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania. Eitingon Decl., ¶ 10.

g. Comcast Corporation is the operating entity for NBCUniversal Enterprise, Inc., and all of its operational, executive, administrative, and policy-making functions, high level officers, and day-to-day operations are conducted at Comcast Corporation's corporate headquarters in Philadelphia, Pennsylvania. Eitingon Decl., ¶¶ 11-12.

h. Comcast Corporation is the operating entity for (i) SNL Entertainment Holdings, Inc. and (ii) Comcast DW Holding, Inc., and all of their operational, executive, administrative, and policy-making functions, high level officers, and day-to-day operations are conducted at Comcast Corporation's corporate headquarters in Philadelphia, Pennsylvania. Eitingon Decl., ¶ 13.

i. The members of Comcast CCW Holdings, LLC and Comcast Snap Holdings II, LLC are (i) Comcast Navy Acquisition, LLC, and (ii) Comcast Snap Holdings, Inc., a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania. Comcast Corporation is the operating entity for Comcast Snap Holdings, Inc., and all its operational, executive, administrative, and policy-making functions, high level officers, and day-to-day operations are conducted at its corporate headquarters in Philadelphia, Pennsylvania. Eitingon Decl., ¶ 14.

j. The sole member of Comcast Navy Acquisition, LLC is Comcast Corporation. Eitingon Decl., ¶ 15.

k. The members of Comcast Navy Contribution, LLC are (i) Comcast SportsNet New England Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (ii) Comcast SportsNet Philadelphia Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (iii) Versus Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (iv) Comcast CHC, LLC, a limited liability company organized under the laws of the state of Delaware; (v) Comcast Contribution Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; and (vi) E! Holdings, LLC, a limited liability company

organized under the laws of the state of Delaware. Eitingon Decl., ¶ 16.

  l. The members of Comcast SportsNet New England Holdings, LLC are (i) Comcast SportsNet NE Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; and (ii) CSNNE Partner, LLC, a limited liability company organized under the laws of the state of Delaware. Eitingon Decl., ¶ 17.

  m. The members of Comcast SportsNet Philadelphia Holdings, LLC are (i) Comcast Holdings Corporation, a Pennsylvania corporation with its principal place of business in Pennsylvania; and (ii) Comcast Spectacor Holding Company, LLC, a limited liability company organized under the laws of the state of Delaware. The sole member of Comcast Spectacor Holding Company, LLC is Comcast Holdings Corporation. Eitingon Decl., ¶ 18.

  n. Comcast Corporation is the operating entity for Comcast Holdings Corporation, and all of its operational, executive, administrative, and policy-making functions, high level officers, and day-to-day operations are conducted at its corporate headquarters in Philadelphia, Pennsylvania. Eitingon Decl., ¶ 19.

  o. The members of Versus Holdings, LLC are (i) Comcast Holdings Corporation; and (ii) E! Holdings, LLC. Eitingon Decl., ¶ 20.

  p. The sole member of Comcast CHC, LLC is Comcast Holdings Corporation. Eitingon Decl., ¶ 21.

  q. The sole member of Comcast Contribution Holdings, LLC is Comcast Corporation. Eitingon Decl., ¶ 22.

  r. The sole member of E! Holdings, LLC is Comcast Holdings Corporation. Eitingon Decl., ¶ 23.

  s. The sole member of Comcast SportsNet NE Holdings, LLC is Comcast Holdings Corporation. Eitingon Decl., ¶ 24.

  t. The sole member of CSNNE Partner, LLC is Comcast Holdings Corporation. Eitingon Decl., ¶ 25.

    u. Accordingly, for purposes of determining diversity, Universal – whose members are organized under the laws of Delaware or Pennsylvania – is regarded as a citizen of Delaware and Pennsylvania.

  14. Defendants Does 2 through 100 are fictitious. The Complaint does not set forth the identity or status of fictitious defendants 2 through 100. Thus, pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

  15. Universal is informed and believes and thereon alleges that no "Doe" defendants have been served with a Summons and/or the Complaint in the State Court Action. *See* Bates Decl., ¶ 12. Accordingly, this action may be removed by Universal to federal court pursuant to 28 U.S.C. § 1441.

  16. Therefore, Plaintiff and Universal are citizens of different States.

## **AMOUNT IN CONTROVERSY**

  17. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1001 (C.D. Cal. 2002). The Court must consider all recoverable damages, including liquidated damages, punitive damages, and attorneys' fees authorized by statute. *See Kroske v. US Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005).

  18. Universal's notice of removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). The standard for determining whether a defendant meets its burden of establishing the amount in controversy is by a preponderance of the evidence. *See Cagle v. C&S Wholesale Grocers, Inc.,* 2014 WL 651923, at *5 (E.D. Cal. Feb. 19, 2014). Under

this standard, "the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Behrazfar v. Unisys Corp.*, 687 F. Supp.2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp.2d 1199, 1204-05 (E.D. Cal. 2008)). When a "[d]efendant's calculations [are] relatively conservative, made in good faith, and based on evidence wherever possible," the court may find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy" is met. *Id.* (internal citations omitted).

19. Here, the Court can reasonably ascertain from Plaintiff's complaint, his prayer for relief, and his statement of damages that the amount in controversy exceeds $75,000.00. Plaintiff seeks, among other things, past and future hospital and medical expenses, loss of wages and earning capacity, and other damages. *See* Bates Decl., **Ex. A** [Statement of Damages]. Without admitting the validity of Plaintiff's two (2) causes of action (both of which are expressly denied by Universal), the amount in controversy is in excess of $75,000, exclusive of interest and costs. Universal meets its burden based on the following:

20. <u>Special Damages:</u> The complaint alleges Plaintiff is seeking special damages including past and future medical expenses, loss of earnings, and loss of future earning capacity. *See* Bates Decl., **Ex. A** [Prayer for Relief in Complaint]. The amount of special damages in unknown at the moment. *See* Bates Decl., **Ex. A** [Statement of Damages].

21. <u>General Damages:</u> The complaint alleges Plaintiff is seeking general damages "for the personal injuries and emotional distress sustained by plaintiff, according to proof at the time of trial." *See* Bates Decl., **Ex. A** [Prayer for Relief in Complaint]. Plaintiff seeks $7,000,000 for pain and suffering, and an additional $7,000,000 for emotional distress. *See* Bates Decl., **Ex. A** [Statement of Damages].

22. Universal denies that Plaintiff's claims have any merit. Universal also denies that Plaintiff suffered any damages. However, when the relief sought (i.e., past

medical expenses, future medical expenses, loss of earnings, future loss of earning capacity, emotional distress, pain, suffering, and inconvenience, and "other") is taken as a whole, the amount in controversy for Plaintiff's claims exceeds the $75,000.00 jurisdiction requirement, exclusive of interest and costs.

23. Based upon the foregoing, the amount in controversy in this matter far exceeds the jurisdictional minimum of $75,000.00. Accordingly, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court by Universal pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

## VENUE

24. Removal to this Court is proper because this District includes the County where the state action is pending.

25. By filing this Notice of Removal, Universal does not intend to waive, and hereby reserves, any objection as to personal jurisdiction, and all other defenses.

26. This Notice of Removal is being served on Plaintiff's counsel on this date. Universal will promptly file a copy of this Notice of Removal with the Clerk of Superior Court of the State of California for the County of Los Angeles.

27. This removal is brought by all served Defendants. 28 U.S.C. § 1446(b)(2)(A).

DATED: January 5, 2024　　　　　　　　　　**KAHANA & FELD LLP**

_____
Christopher Bates, Esq.
Jaion Chung, Esq.
Alexa Stephenson, Esq.
Attorneys for Defendant
UNIVERSAL CITY STUDIOS LLC
(sued and served as Doe 1)

# PROOF OF SERVICE
(F.R.Civ.P. Rule 5(b); U.S.D.C., C.D. Cal., L.R. 5-3)

### Reed v. Universal Studios Hollywood, et al.
United States District Court Case No.

I am employed in the County of Orange, State of California; I am over the age of 18 years and not a party to the within action; my business address is 2603 Main Street, Suite 900, Irvine, CA 92614

On January 5, 2024, I served the foregoing document described as:

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**

on the interested parties in said action as follows:

SEE ATTACHED SERVICE LIST

☐ By Mail [Federal] I placed such envelope with postage thereon fully prepaid in the United States mail at Irvine, California.

☐ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed below

☒ I caused said document(s) to be transmitted by email to each addressee set forth below on this date. The transmission of this document was complete and without error.

☐ I caused such envelope to be delivered via overnight delivery to the party(ies) listed on the attached mailing list.

Executed on January 5, 2024, at Irvine, California.

☐ [State] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ [Federal] I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

_____
Hira Khan

---
1
PROOF OF SERVICE

# SERVICE LIST

**Reed v. Universal Studios Hollywood, et al.**
United States District Court Case No.

| | |
|---|---|
| Todd F. Nevell, Esq.<br>Abaigeal A. Loving, Esq.<br>SCOLINOS, SHELDON & NEVELL LLP<br>301 North Lake Avenue, Suite 1000<br>Pasadena, California 91101<br>Telephone: (626) 793-3900<br>Facsimile: (626) 568-0930<br>tnevell@ssnlaw.com<br>aloving@ssnlaw.com<br>lhernandez@ssnlaw.com | ***Attorney for Plaintiff, Shawn Reed*** |